IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY PITTS JR., #362143 *

Plaintiff, *

v. * CIVIL ACTION NO. JKB-11-1174

MUNICIPALITY OF WICOMICO COUNTY *

Defendant. *
***

## MEMORANDUM

On May 2, 2011, the court received this 42 U.S.C. § 1983 civil rights action. Rodney Pitts, Jr. ("Pitts"), who is currently confined at the Roxbury Correctional Institution in Hagerstown, Maryland, seeks to file a complaint against the municipal government of Wicomico County, Maryland and its top officials.[1] He raises a series of questions going to his criminal charges, the seizure of evidence from his cell in the Wicomico County Detention Center, and the veracity of a handwriting expert and state's witnesses at trial.

Affording the self-represented complaint a generous interpretation, Pitts claims that in March of 2010, while detained at the Wicomico County Detention Center ("WCDC") awaiting trial, a letter with his name and identification number was intercepted and inspected without proper mail cover or search warrant. He alleges that soon after this inspection, his cell was searched by WCDC Officer Elliot after his receipt of a call from Sgt. Scott Cook of the Maryland State Police in Worcester County, Maryland. His letters addressed to Jordon Criner were seized. Pitts appears to state that a document obtained during the search of the cell was used as evidence at his trial in October 2010.

---

[1] The Clerk entered the "Warden" as the sole defendant. A review of the document shows that plaintiff intended to file suit against the "Municipality of Wicomico County, Maryland." ECF No. 1 at p. 1. The Clerk shall be directed to amend the docket accordingly.

He alleges that the warrantless search of his cell and seizure of written materials violated his rights and constituted an unreasonable search and seizure.[2] *Id.*

From a review of the Maryland state court docket of the criminal cases relevant to the claims at issue, it appears that on March 11, 2010, Pitts was charged with solicitation to commit first-degree murder in the District Court for Wicomico County in *State v. Pitts*, Case No. 4H00054807. The charge was nolle prossed on May 18, 2010. On May 10, 2010, however, various solicitation and intimidation charges were filed against Pitts in the Circuit Court for Wicomico County. Pitts was tried in October of 2010 and found guilty of solicitation to commit first-degree assault and lesser charges. *See State v. Pitts*, Case No. 22K10000342. He was sentenced to a cumulative twenty-year term and remains confined on his convictions. *See* http://casesearch.courts.state.md.us/inquiry.

To the extent that Pitts is seeking, under a civil rights theory, compensation related to municipal government employees alleged to have committed illegal acts in obtaining evidence used at his criminal trial, the case shall be summarily dismissed without prejudice as the claim for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

---

[2] Plaintiff filed neither the civil filing fee nor an indigency motion with his documents. In light

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87 (emphasis in original).

Pitts's claims regarding an illegal search and seizure of mail in his cell in March of 2010 are inextricably interwoven with the constitutionality of his criminal charges and convictions. Consequently, this § 1983 complaint for damages may not proceed under *Heck* and shall be summarily dismissed without prejudice. A separate Order follows.[3]

Date: May 12, 2011

/s/ James K. Bredar
James K. Bredar
United States District Judge

---

of the decision entered by the court he shall not be required to cure this deficiency.

[3] A similar decision was reached in *Pitts v. Cook*, Civil Action No. JKB-11-474 (D. Md.).

3